IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN GILBREATH and
DARLA GILBREATH

                                                        PLAINTIFFS

v.                        Case No. 2:12-CV-02142

SUNBEAM PRODUCTS, INC.                                  DEFENDANT


RANDY TRUSTY and
JANET TRUSTY, Husband and Wife,
d/b/a JLT ENTERPRISES, INC.

                                                        PLAINTIFFS

v.                        Case No. 2:13-CV-02039

SUNBEAM PRODUCTS, INC. d/b/a
JARDEN CONSUMER SOLUTIONS,
JARDEN ANIMAL SOLUTIONS, and/or
SUNBEAM CONSUMER PRODUCTS
WORLDWIDE                                                               DEFENDANT


**ORDER**

      Currently before the Court is Defendant Sunbeam Products, Inc.'s ("Sunbeam") Motion to Consolidate (Doc. 17), in which Sunbeam seeks to consolidate two cases pending in this Court: Case No. 2:12-CV-02142, *Glen Gilbreath and Darla Gilbreath v. Sunbeam Products, Inc.* (the "Gilbreath Action"); and Case No. 2:13-CV-02039, *Randy Trusty and Janet Trusty, husband and wife, d/b/a JLT Enterprises, Inc. v. Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions,*

*Jarden Animal Solutions, and Sunbeam Consumer Products Worldwide* (the "Trusty Action").[1] Plaintiffs did not file a response.[2] For the reasons below, Sunbeam's Motion to Consolidate is GRANTED.

The two lawsuits at issue arise out of a fire that occurred in the Main Street Cinema in Paris, Arkansas, on January 2, 2010. Plaintiffs in both actions maintain that a heater manufactured by Sunbeam started the fire and caused damage to their respective properties. Each complaint alleges Sunbeam is liable for the damage under various theories of product liability.

Federal Rule of Civil Procedure 42(a) provides, "[i]f actions before the court involve a common question of law or fact," the district court may either join "any or all matters at issue in the actions" or "consolidate the actions." Here, the actions arise out of the same incident and assert largely the same legal claims against the same defendant. The Court finds that the Gilbreath Action and the Trusty Action involve multiple common questions of both law and fact. The Court also finds that no party will suffer prejudice due to the consolidation of these actions,[3] and consolidation will save expenses and conserve resources for both the parties and the Court. Therefore, in the interests of judicial economy and as a matter of convenience, the Court finds that consolidation is appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant Sunbeam's Motion to Consolidate

---

[1] Sunbeam filed an identical Motion to Consolidate in the Trusty Action on the same day that the instant Motion was filed.

[2] Similarly, the Plaintiffs in the Trusty Action did not file a response to the Motion to Consolidate filed by Sunbeam in that case.

[3] While "consolidation is permitted as a matter of convenience and economy in administration," the consolidated suits maintain their separate identities. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (internal quotation omitted).

(Doc. 17) is GRANTED.

IT IS FURTHER ORDERED that *Randy Trusty and Janet Trusty, husband and wife, d/b/a JLT Enterprises, Inc. v. Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, Jarden Animal Solutions, and Sunbeam Consumer Products Worldwide*, Case No. 2:13-CV-02039, is consolidated with *Glen Gilbreath and Darla Gilbreath v. Sunbeam Products, Inc.*, Case No. 2:12-CV-02142.

IT IS FURTHER ORDERED that, henceforth, all pleadings and other documents in this matter are to be filed in *Gilbreath, et al. v. Sunbeam Products, Inc.*, Case No. 2:12-CV-02142.

IT IS FURTHER ORDERED that the pending Motion to Consolidate filed by Defendant Sunbeam in the Trusty Action (Case No. 2:13-CV-02039, Doc. 16) is DENIED AS MOOT based on the contents of this Order.

IT IS SO ORDERED this 18th day of April, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE