IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN GILBREATH and
DARLA GILBREATH

                                                              PLAINTIFFS

v.                          Case No. 2:12-CV-02142

SUNBEAM PRODUCTS, INC.                                        DEFENDANT

## **O R D E R**

Currently before the Court is Defendant Sunbeam Products, Inc.'s ("Sunbeam") Motion to Compel (Doc. 22) and brief in support (Doc. 23). Sunbeam seeks an order compelling Plaintiffs Glen Gilbreath and Darla Gilbreath (the "Gilbreaths") to respond to Sunbeam's second set of interrogatories and requests for production, and to produce certain documents identified during the depositions of the Gilbreaths.

Sunbeam served a second set of interrogatories and requests for production of documents on the Gilbreaths on January 8, 2013. Despite a good-faith effort to obtain responses without the necessity of Court action, to date, the Gilbreaths have not responded to Sunbeam's discovery requests.

Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), the Gilbreaths had 30 days to respond to Sunbeam's discovery requests. Using the rules for computing time set forth by Federal Rule of Civil Procedure 6, the Gilbreaths' responses were therefore due on February 7, 2013. Sunbeam's counsel sent counsel for the Gilbreaths a letter on March 14, 2013, seeking responses within ten days of the date of the letter. An email communication from the Gilbreaths' counsel's office confirmed receipt of the letter on March 15, 2013, and informed Sunbeam's counsel

that the discovery had been provided to the Gilbreaths and that it was hoped the responses would be provided in the near future. Sunbeam's counsel sent another letter on May 2, 2013, which mentioned that the letter was sent in a good-faith effort to obtain responses without the necessity of a motion to compel, and again requesting responses be provided within ten days. Email communications dated May 3, 2013, again confirmed receipt of Sunbeam's counsel's request and indicated that they hoped to have the responses before the Gilbreaths' depositions. Sunbeam's counsel requested that the Gilbreaths' responses be provided by May 13. On May 15, both Glen and Darla Gilbreath were deposed, and Sunbeam's counsel made a request on the record at the conclusion of each deposition for responses to the second set of written discovery. During the depositions, Sunbeam's counsel also requested production of certain documents, and the Gilbreaths agreed to produce the documents. Sunbeam's counsel made a final good-faith request for responses and a follow-up request for production of the documents identified during the depositions via email and regular mail on June 19, 2013, which indicated that a motion to compel would be filed in the event responses were not provided by June 25, 2013.

The Gilbreaths have not responded to Sunbeam's discovery requests to this date. Furthermore, the Gilbreaths have not responded to Sunbeam's motion to compel.

Accordingly, IT IS ORDERED that Sunbeam's motion to compel (Doc. 22) is GRANTED. The Gilbreaths are ordered to appropriately respond to Sunbeam's discovery requests and to produce the requested documents **by 5:00 p.m. on August 7, 2013**.

Subject to certain exceptions, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  <u>Sunbeam is directed to file an affidavit documenting its fees and expenses incurred in bring the instant motion by July 31, 2013.  The Gilbreaths will be given 7 days to file any objections</u>.

    IT IS SO ORDERED this 24th day of July, 2013.

                                                  /s/ P. K. Holmes, III
                                                  P.K. HOLMES, III
                                                  CHIEF U.S. DISTRICT JUDGE